## NORTH-WESTERN NORTH CAROLINA RAIL ROAD COMPANY *v.* DAVID A. JENKINS, Public Treasurer.

The 8th section of the Ordinance of the Convention of 1868, having provided that, when the president and chief-engineer of the North-Western North Carolina Rail Road Company should have complied with certain terms in respect to the first division of the said road, the Governor should direct that the Public Treasurer should make a loan to the company by the issue of a certain amount of State bonds, and the terms having been complied with, *it was held,* that the company was entitled to have a peremptory *mandamus* to compel the Treasurer to issue the bonds, notwithstanding the subsequent legislation contained in the Acts of 1868–'9, ch. 32, of 1869–'70, chs. 71 and 100, as all those acts taken together left the ordinance above-mentioned in full force and effect.

This was a proceeding by way of a petition for a *mandamus* to compel the defendant to issue a certain amount of State bonds to the plaintiff, and a return having been made to the writ of alternative *mandamus,* the case came on to be heard before his Honor, *Judge Henry,* at the Fall Term, 1870, of the Superior Court for FORSYTHE County. His Honor being of opinion that the plaintiff was entitled to the remedy asked for ordered that the writ of peremptory *mandamus* should issue, and the defendant appealed. No statement is necessary for the understanding of the opinion of the Court.

*Battle & Sons* and *Phillips & Merrimon,* for the plaintiff.

*Attorney General* and *Bailey,* for the defendant.

SETTLE, J. The first division of the North-Western North Carolina Railroad incorporated under an ordinance of the Convention, ratified the 9th day of March, A. D. 1868, is admitted to be an unfinished road within the meaning of Art. V, sec. 5 of the Constitution.

As to the divisions beyond the town of Salem, we express no opinion, as that matter is not now before us.

Section 8 of the ordinance above referred to ordains, that whenever the President and chief engineer of said company shall certify to the Governor of the State that the grading of any of the sections of said road, as mentioned in section 5 of this ordinance, is completed and ready for the super-structure, he shall direct the Public Treasurer of the State to loan in behalf of the State to the said company the sum of fifty thousand dollars in coupon bonds, and in like manner the Governor will direct similar loans to be made to the company, upon the completion of grading of each and every section until the first division is graded entire, &c.

By section 9, no part of said loan or bonds shall be delivered to said company until the President and Directors thereof shall execute and deliver to the Governor of the State a mortgage on the entire road and its property, conditioned to save the State harmless against the loss of both principal and interest of said loan.

Since the adoption of this ordinance there has been much legislation, which we need not review in detail, for the purpose of extending the road beyond Salem.

But the Act 1869-'70, ch. 71, ratified the 8th day of March, A. D., 1870, repeals " all acts passed at the last session of this Legislature making appropriations to Railroad Companies." And in a few days thereafter the same General Assembly passed An Act to enable this company to complete the first division of its road.

Act 1869-'70, ch. 100, ratified 22d day of March, A. D. 1870. The 3d section of this last act is as follows: " All acts of the General Assembly authorizing the appropriation of bonds of the State in aid of the first division of said railroad company, are hereby repealed, the validity of the preceding laws not to be by such repeal affected but such laws to be in full force."

Construing ch. 71 and 100 together, it is evident that the General Assembly intended to repeal only the legislation

subsequent to the ordinance of the 9th of March, leaving that in full force and effect.    We have not overlooked the repealing clause of the Act of 1868-'9, ch. 32, and admitting that it repealed the ordinance of the 9th of March, still the Act of 1869-'70, ch. 100, the last legislation upon the subject, is so strong and explicit as to amount to a re-enactment of the ordinance.

It follows that the company upon complying with the terms of the ordinance are entitled to the loan of the bonds.

The judgment of the Superior Court is affirmed.

Justice Dick being a stockholder in the company, took no part in the consideration of this case.

PER CURIAM.                          Judgment affirmed.